COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


CLARENCE HENRY SCOTT, JR. AND
 SANDRA MAE HUTCHINS SCOTT

                                                    MEMORANDUM OPINION*
v.        Record No. 2543-05-2                         PER CURIAM
                                                      MARCH 21, 2006
CHARLOTTE COUNTY DEPARTMENT
 OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                           Leslie M. Osborn, Judge

             (Jennifer LeLacheur Jones; Pettus, Tyler & Jones, P.C., on brief), for
             appellants.  Appellants submitting on brief.

             (Michael J. Brickhill; Jody H. Fariss, Guardian *ad litem* for the minor
             children; Michael J. Brickhill, P.C.; Jody Holyst Fariss, P.C., on
             brief), for appellee.  Appellee and Guardian *ad litem* submitting on
             brief.


        On October 9, 2005, the trial court entered an order terminating the residual parental rights

of Clarence H. Scott, Jr., and Sandra H. Scott (appellants) to their son, W.S., pursuant to Code

§ 16.1-283(B), 16.1-283(C)(1) and (2), and 16.1-283(E)(i).  On the same date, the trial court also

terminated Sandra Scott's residual parental rights to her daughter, K.H., pursuant to Code

§ 16.1-283(B), 16.1-283(C)(1) and (2), and 16.1-283(E)(i).  On appeal, appellants contend the

evidence was insufficient to support the terminations pursuant to Code § 16.1-283(B).  We affirm

the decisions of the trial court.

        "[C]lear and convincing evidence that the termination [of residual parental rights] is in the

child's best interests is a requirement in common to termination of parental rights under Code

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

§ 16.1-283(B), (C), . . . or (E)." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B), (C), and (E) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003). A termination under Code § 16.1-283(B) requires a finding that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Pursuant to Code § 16.1-283(C)(1), a parent's residual parental rights to a child placed in foster care may be terminated if the court finds that

> [t]he parent [has] . . . , without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship.

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of services agencies. Under Code § 16.1-283(E)(i), a trial court may terminate a parent's rights if it finds that "the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated."

In <u>Fields</u>, 46 Va. App. at 3, 614 S.E.2d at 657, a parent appealed to this Court from the trial court's decision to terminate her parental rights pursuant to Code § 16.1-283(C)(2) and (E)(i). On appeal, she contended the evidence did not support the termination under Code § 16.1-283(C)(2), but she did not challenge the sufficiency of the evidence to sustain the termination pursuant to Code § 16.1-283(E)(i). We found that, in light of the unchallenged termination pursuant to Code § 16.1-283(E)(i), we were not required to consider the sufficiency of the evidence to support the termination under Code § 16.1-283(C)(2). <u>Fields</u>, 46 Va. App. at 8, 614 S.E.2d at 659.

Likewise, appellants contend the evidence was insufficient to support the terminations pursuant to Code § 16.1-283(B), but do not challenge the terminations pursuant to Code § 16.1-283(C)(1), (C)(2), or (E)(i). Appellants' failure to challenge the terminations under Code § 16.1-283(C) and (E) renders moot their claims regarding the terminations under Code § 16.1-283(B), and we need not consider those claims. Accordingly, the trial court's decisions are affirmed.

<u>Affirmed.</u>