COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


BRANDI PETERS

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2789-08-3                          PER CURIAM
                                                        MAY 19, 2009
ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                          William D. Broadhurst, Judge

        (David W. Steidle, on brief), for appellant.  Appellant submitting on
        brief.

        (William M. Hackworth, City Attorney; Heather P. Ferguson,
        Assistant City Attorney, on brief), for appellee.  Appellee
        submitting on brief.

        (Eric Roland Spencer, on brief), Guardian *ad litem* for the minor
        child.  Guardian *ad litem* submitting on brief.


        Brandi Peters appeals the trial court's November 10, 2008 order terminating her residual

parental rights to her two minor children.  The final order reflects that the trial court found clear

and convincing evidence proved the circumstances required for termination only pursuant to

Code § 16.1-283(C)(2).  On appeal, Peters challenges the proof of conditions necessary for

termination pursuant to Code § 16.1-283(B) and does not challenge the proof of conditions

necessary for termination pursuant to Code § 16.1-283(C)(2).  For the following reason, we

affirm the trial court's decision.

        "[C]lear and convincing evidence that the termination [of residual parental rights] is in

the child's best interests is a requirement in common to termination of parental rights under Code

───────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

§ 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

A termination under Code § 16.1-283(B) requires a finding that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. . . .

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding reasonable and appropriate efforts" of services agencies.

In Fields, 46 Va. App. at 3, 614 S.E.2d at 657, a parent appealed to this Court from the trial court's decision to terminate her parental rights pursuant to Code § 16.1-283(C)(2) and Code § 16.1-283(E)(i). On appeal, she contended the evidence did not support the termination under Code § 16.1-283(C)(2), but she did not challenge the sufficiency of the evidence to sustain the termination pursuant to Code § 16.1-283(E)(i). This Court found that, in light of the unchallenged termination pursuant to Code § 16.1-283(E)(i), it was not required to consider the

sufficiency of the evidence to support the termination under Code § 16.1-283(C)(2). Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

Similarly, Peters contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(B), but does not challenge the termination pursuant to Code § 16.1-283(C)(2). Peters' failure to challenge the termination under Code § 16.1-283(C)(2), the only ground for the termination, leaves us nothing to address.

Accordingly, we affirm the trial court's decision.

Affirmed.