COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


ELIZABETH McGEE

v.      Record No. 0552-09-1

NEWPORT NEWS
  DEPARTMENT OF HUMAN SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 6, 2009


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

(Christie M. Wilson; Wilson & Wilson, P.C., on brief), for appellant.
Appellant submitting on brief.

(Robert E. Pealo, Assistant City Attorney; Veryl Wells Scott,
Guardian *ad litem* for the minor children; Wells Scott, P.C., on brief),
for appellee.  Appellee and Guardian *ad litem* submitting on brief.


Elizabeth McGee (mother) appeals from a decision terminating her parental rights to her

four children.  Mother argues that the trial court erred in finding that there was sufficient evidence to

terminate her parental rights to her children.  Upon reviewing the record and briefs of the parties,

we affirm the decision of the trial court.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that on July 9, 2006, the Newport News Department of Human Services (the Department) took custody of mother's four children.[1] The children, their mother, and mother's paramour, Thomas Copeland, were homeless.[2] Prior to becoming homeless, they had been moving from hotel to hotel. When the Department took custody of the children, they were wearing dirty clothes and had poor hygiene. The family had no means of washing themselves or their clothes, and they had no food.

The Department's initial goal was to return the children home, provided mother had safe and stable housing, took parenting classes, ensured that the children had safe, adult supervision at all times, addressed any mental health issues that she may have had, maintained contact with the Department and the children, and completed a parenting capacity assessment and followed the recommendations.

On August 31, 2006, the Department returned the children to mother's home for a trial home placement. The Department arranged for in-home counseling services for the family.

Mother saw Cathy A. Tirrell, Psy. D., for a psychological, substance abuse, and parenting capacity assessment on October 30, 2006. Mother tested positive for cocaine, so Tirrell recommended random drug screens for at least six months. The parenting capacity assessment showed mother had notable parenting deficits. Tirrell recommended individualized psychotherapy and parenting classes for mother.

In August 2007, the Department removed the children from the home for a second time. Mother tested positive for cocaine on August 3, 2007. The Department also received a complaint

---

[1] At the time of the first removal, the children were five years old, three years old, two years old, and ten months old.

[2] Thomas Copeland is the father of the youngest two children.

that the children were wandering around the apartment complex without adult supervision because they were knocking on neighbors' doors to ask for food and money.

Upon removal, the Department discovered that the three older children had burn marks about the size of nickels on their shoulders and backs. Mother told the social worker that the babysitter was responsible for burning the children; however, Copeland told the social worker that the children had been burned accidentally by a cigarette.

In addition, the foster care mother reported that the children exhibited sexualized behaviors. Mother explained that there was a doorknob missing in their home, and the children probably saw their roommate having sexual intercourse with his girlfriend.

Mother failed to complete the services offered by the Department. She could not maintain stable housing. She had been unemployed since August 2007. She did not complete a parenting class, nor did she participate in individualized therapy. She never completed a substance abuse treatment program.

The trial court terminated her parental rights, and mother timely noted her appeal.[3]

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

---

[3] The trial court also terminated Copeland's parental rights to his children, and he noted an appeal. Copeland v. Newport News Dep't of Human Servs., Record No. 0615-09-1.

The trial court terminated mother's parental rights based on Code § 16.1-283(C)(2).[4] Mother argues that the evidence was insufficient to terminate her parental rights because she was working on many of the Department's requirements. She obtained her GED. She participated in two substance abuse programs, but could not continue in the second one because she did not have the funds to attend the program. She regularly visited with and inquired about her children. Despite these efforts, mother failed to maintain stable housing, failed to complete a parenting class, did not participate in individualized therapy, and continued to abuse drugs.

> [S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The trial court noted that mother had made some efforts, but the efforts were not enough. The Department had been involved with the family since 2006 when they removed the children for the first time, and then, after a trial period at home, the children had to be removed again. The trial court indicated that mother had not made "significant, substantial improvement." The

---

[4] Code § 16.1-283(C)(2) states that a person's parental rights may be terminated if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

main issue that led to the removal in 2006, lack of housing, remained a problem at the time of the termination hearing, over two years later.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The trial court explained that the children were aging and needed "proper medical care and developmental care and stability," but after two years, the mother still had not resolved the housing issue or her drug abuse. Mother did not show signs of improvement to offer the children the stability that they needed.

The evidence was sufficient to terminate mother's parental rights.

CONCLUSION

For the foregoing reasons, we affirm the trial court's rulings.

Affirmed.