COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


BRIAN R. KEITH, SOMETIMES KNOWN AS
  RICHARD BRIAN KEITH

                                                                MEMORANDUM OPINION[*]
v.        Record No. 0981-07-3                                       PER CURIAM
                                                                   OCTOBER 2, 2007
ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                               Jonathan M. Apgar, Judge

              (Melvin L. Hill; Ware & Hill, L.L.P., on brief), for appellant.
              Appellant submitting on brief.

              (William M. Hackworth, City Attorney; Heather P. Ferguson,
              Assistant City Attorney; L. Brad Braford, Guardian *ad litem* for the
              minor children, on brief), for appellee.  Appellee and Guardian *ad
              litem* submitting on brief.


        On April 13, 2007, the trial court entered an order terminating the parental rights of Richard

Brian Keith (appellant) to his daughters, S.K. and D.K.  The trial court found clear and convincing

evidence proved the circumstances required for termination pursuant to Code § 16.1-283(C)(1) and

(2).  On appeal, appellant challenges the proof of conditions necessary for termination pursuant to

Code § 16.1-283(C)(2).  Appellant also contends the evidence was insufficient to prove the

circumstances required for termination pursuant to Code § 16.1-283(B).  Finding no error, we

affirm.

        "[C]lear and convincing evidence that the termination [of residual parental rights] is in

the child's best interests is a requirement in common to termination of parental rights under Code

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

§ 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Pursuant to Code § 16.1-283(C)(1), a parent's residual parental rights of a child placed in foster care may be terminated if the court finds that

> [t]he parent [has] . . . , without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship.

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of services agencies.

In Fields, 46 Va. App. at 3, 614 S.E.2d at 657, a parent appealed to this Court from the trial court's decision to terminate her parental rights pursuant to Code § 16.1-283(C)(2) and Code § 16.1-283(E)(i). On appeal, she contended the evidence did not support the termination under Code § 16.1-283(C)(2), but she did not challenge the sufficiency of the evidence to sustain the termination pursuant to Code § 16.1-283(E)(i). This Court found that, in light of the unchallenged termination pursuant to Code § 16.1-283(E)(i), it was not required to consider the

sufficiency of the evidence to support the termination under Code § 16.1-283(C)(2). Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

Likewise, appellant contends the evidence was insufficient to support the terminations pursuant to Code § 16.1-283(C)(2), but does not challenge the terminations pursuant to Code § 16.1-283(C)(1). Appellant's failure to challenge the terminations under Code § 16.1-283(C)(1) renders moot his claim regarding the terminations under Code § 16.1-283(C)(2), and we need not consider it.[1] Accordingly, the trial court's decisions are affirmed.

Affirmed.

---

[1] In addition, because the trial court did not terminate appellant's parental rights pursuant to Code § 16.1-283(B), we need not consider whether the evidence was sufficient to support such a termination.