COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Beales and Powell


ALISA GAY WHITT

MEMORANDUM OPINION[*]

v.       Record No. 2094-08-1

PER CURIAM

FEBRUARY 10, 2009

GLOUCESTER DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
William H. Shaw, III, Judge

(Carter Phillips; Olaf Gebhart & Associates, P.C., on brief), for
appellant.

(Andrea G. Erard; Julianne B. Dias, Guardian *ad litem* for the child;
Foard & Dias, PC, on brief), for appellee.


Alisa Gay Whitt (mother) appeals the trial court's order terminating her parental rights to

her son. Mother contends that the trial court erred by finding the evidence sufficient to terminate

her parental rights. Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See

Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.[1] See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] There was no transcript of the proceedings, and appellant failed to timely file a
statement of facts. However, the record contains stipulations of facts, which were filed with the
trial court and agreed to by all parties. We rely on those stipulations for the background
information for the case.

showed that mother had been addicted to crack cocaine for over twenty years and had not been sober for more than one year at a time. Mother has a criminal history dating back to August 1987. She had been convicted of several felonies and misdemeanors, including larceny, unauthorized use of a vehicle, shoplifting, and failures to appear. Her most recent conviction was in February 2007 for felony possession of cocaine.

Mother has three children. Her oldest son is being raised by his paternal grandparents. Mother's parental rights were terminated with respect to her daughter, who was adopted by another family. In 2004, mother gave birth to her son who is the child involved in this matter. From July 2005 through March 2006, Gloucester Department of Social Services (the Department) worked with mother on her substance abuse issues and to prevent her son from entering foster care. However, in March 2006, mother's paramour dropped off the child at child's maternal aunt's house. Mother's whereabouts were unknown at the time, but the Department later found her incarcerated at the Newport News City Jail. The aunt subsequently called the Department when she was unable to care for mother's son. In March 2006, a child protective services complaint for child neglect, level 1, was founded against mother. The child entered foster care and has been in foster care since that time.

Since the child entered foster care, mother tested positive for cocaine on July 20, 2006, August 2, 2006, September 5, 2006, and January 11, 2007. The Department offered numerous services to mother; however, she was unable to remain sober and meet the Department's goals.

On August 16, 2007, the Gloucester County Juvenile and Domestic Relations District Court entered an order terminating mother's parental rights. Mother appealed to the circuit court. The parties stipulated to the facts and exhibits and submitted their arguments in writing to the circuit court. A hearing was waived. On July 31, 2008, the circuit court entered an order terminating mother's parental rights to her son.

ANALYSIS

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother argues that there was not sufficient evidence to support a termination of her parental rights for her son.

At the time that the circuit court order was entered, the child had been in foster care for over two years. Mother's parental rights were terminated pursuant to Code § 16.1-283(C)(2).[2]

The child entered foster care because mother disappeared. The mother's paramour brought the child to child's maternal aunt's house, but when she was unable to care for the child, the child entered foster care. Mother was incarcerated in the Newport News City Jail.

Mother's long history of substance abuse led to her inability to care for her son. The Department worked with mother on her substance abuse issues prior to her son being in foster care; however, mother continued to abuse cocaine. When her son entered foster care, the Department provided her with a resource book, helped her with budgeting and keeping a calendar, referred her to substance abuse services, counseling, and parenting classes, supervised visitations between her and her son, and assisted her with employment. The Department's goal was for mother to have made substantial progress on her issues by December 2006. However, in January 2007, mother tested positive for cocaine. She was not working toward reunification.

---

[2] Code § 16.1-283(C)(2) states a parent's parental rights may be terminated if:

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Meanwhile, the child had improved greatly in foster care, and his foster care parents were willing to adopt him.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Mother argued that she had made progress but needed more time. When the parties stipulated to the facts, mother was active in Alcoholics Anonymous/Narcotics Anonymous, participated in counseling, and was employed. The trial court stated that "[w]hile Ms. Whitt's lifestyle may have improved, as [her attorney] argues, nevertheless, even if true, the change is too little and too late."

The law requires that "within a reasonable period of time," a parent needs to remedy the situation that led to the child being placed in foster care. Code § 16.1-283(C). "[M]ore 'retrospective in nature,' subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services." Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 271, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Department of Social Services v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The child has been in foster care for an extensive period of time, and despite the Department's efforts, mother has not accomplished the Department's goals for reunification within the Department's timeframe.

CONCLUSION

The record supports the trial court's finding that the evidence proved by clear and convincing evidence that mother's parental rights to her son should be terminated and that the

termination of mother's parental rights was in the child's best interests. Code § 16.1-283.

Accordingly, we summarily affirm the judgment. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>