COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


BRIAN C. THARRINGTON

v.      Record No. 0218-10-1

NORFOLK DEPARTMENT OF
  HUMAN SERVICES

BRIAN C. THARRINGTON

v.      Record No. 0219-10-1                    MEMORANDUM OPINION[*]
                                                      PER CURIAM
NORFOLK DEPARTMENT OF                           AUGUST 24, 2010
  HUMAN SERVICES

BRIAN C. THARRINGTON

v.      Record No. 0220-10-1

NORFOLK DEPARTMENT OF
  HUMAN SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Louis A. Sherman, Judge

              (Kelly B. St. Clair; St. Clair & Rosenblum, on brief), for appellant.

              (Bernard Pishko, City Attorney; Wayne Ringer, Chief Deputy City
              Attorney; Heather L. Kelley, Assistant City Attorney; Cynthia D.
              Garris, Guardian *ad litem* for the minor children, on brief), for
              appellee.


        Brian C. Tharrington (father) appeals an order terminating his parental rights to his three

minor children.  Father argues that the trial court erred by (1) finding that the termination of his

parental rights was in the best interests of the children; and (2) determining that he had been unable

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to remedy substantially, within a reasonable time, the conditions which led to the children's foster care placement. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

The Norfolk Department of Human Services (the Department) initially became involved with father, Tina Horner (mother), and their children on November 2, 2007 due to concerns about domestic violence between mother and father and lack of electricity in the home.

In May 2008, mother was arrested. Mother's friend called the Department and told them that he could not care for the children. Father was unable to care for the children because of outstanding warrants for his arrest. The Department removed the children and placed them in foster care.

Father did not comply with all of the Department's requirements, and by August 2008, in order to avoid being arrested, he stopped participating in the services, failed to maintain contact with the Department, and ceased visiting his children. In October 2008, father was arrested on the outstanding warrants and subsequently found guilty of malicious wounding and two counts of driving on a suspended license as a habitual offender.[1]

---

[1] He was incarcerated when the trial court terminated his parental rights.

The Department filed a petition to terminate his parental rights. On January 4, 2010, the trial court found that it was in the children's best interests to terminate father's parental rights under Code §§ 16.1-283(B), 16.1-283(C)(1), and 16-1.283(C)(2).[2]

ANALYSIS

Issue 1 - Best Interests

Father argues that the trial court erred in finding that it was in the children's best interests to terminate father's parental rights. He contends the trial court did not consider the factors in Code § 20-124.3, specifically the relationships between the children and father and each other and the children's preferences.

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

When a child is in foster care, the trial court needs to consider the specific statutory requirements of the foster care statutes, including Code § 16.1-283, and the general custody statutes, including Code § 20-124.3, do not "subsume" the specific foster care statutes. Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 483, 666 S.E.2d 361, 370 (2008). Therefore, father's argument regarding the factors in Code § 20-124.3 does not apply in this situation.

Here, the trial court specifically held, "The Court finds by clear and convincing evidence it's in the best interest of each and all of these aforesaid children . . . that the residual parental rights of . . . Brian Tharrington be terminated pursuant to Section 16.1-283 of the Code of Virginia." The trial court heard two days of testimony and reviewed the exhibits before making its decision. The children, especially the oldest child, have special needs. The oldest child was

---

[2] The trial court also terminated mother's parental rights. She appealed the trial court's decision. See Horner v. Norfolk Dep't of Human Servs., No. 0161-10-1.

sexually abused and needed counseling. His behavior required him to live separately from his siblings and any younger children.

In addition, father was incarcerated at the time of the trial, and unless his criminal appeal was successful, he expected to be incarcerated for three more years.

> While long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination.

Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992). Prior to his incarceration, father had no contact with the children for several months.

The trial court further stated that pursuant to Code § 16.1-283(G), none of the children were of the appropriate age to "express in a meaningful way what their wishes would be."[3] At the time of the trial, the oldest child was nine years old; the middle child was four years old; and the youngest child was three years old.

Neither parent was in a position to care for the children and their needs. They had not met the Department's requirements, and at the time of the hearing in the trial court, the children had been in foster care for approximately nineteen months. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The trial court did not err in finding that it was in the best interests of the children to terminate father's parental rights.

---

[3] Code § 16.1-283(G) states, in part, "Notwithstanding any other provisions of this section, residual parental rights shall not be terminated if it is established that the child, if he is fourteen years of age or older or otherwise of an age of discretion as determined by the court, objects to such termination."

Issue 2 - Termination

Father argues that the trial court erred in finding that he had not substantially remedied the situation that led to the children being placed in foster care.

In his brief, father contends he complied with "many" of the Department's requests; however, due to his incarceration, he could not comply with the requirements for employment and housing. This argument focuses on Code § 16.1-283(C)(2).[4] He also argues that the Department had not proved that the abuse and neglect that resulted in the removal of the children would continue in father's care. See Code § 16.1-283(B).[5] However, he does not address the fact that his parental rights also were terminated under Code § 16.1-283(C)(1).[6]

---

[4] Code § 16.1-283(C)(2) states that a court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

[5] Code § 16.1-283(B) states a parent's parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

[6] Code § 16.1-283(C)(1) states a parent's parental rights may be terminated if:

> [t]he parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan, 13 Va. App. at 128, 409 S.E.2d at 463, terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Father contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(B) and Code § 16.1-283(C)(2), but does not challenge the termination pursuant to Code § 16.1-283(C)(1). Father's failure to challenge the termination under Code § 16.1-283(C)(1) renders moot his claims regarding the termination under Code § 16.1-283(B) and Code § 16.1-283(C)(2), and we need not consider it.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship. Proof that the parent or parents have failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition.

- 6 -