COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Powell and Senior Judge Clements


RONALD ARTIS

                                                              MEMORANDUM OPINION[*]
v.      Record No. 1188-10-1                                  PER CURIAM
                                                              NOVEMBER 9, 2010
CITY OF PORTSMOUTH DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
John E. Clarkson, Judge

(Michael Rosenberg; Richardson and Rosenberg, LLC, on brief), for
appellant.

(G. Timothy Oksman, City Attorney; Shelia C. Riddick,
Assistant City Attorney, on brief), for appellee.

(Nathan A. Chapman; Chapman Law Firm, on brief), Guardian *ad
litem* for the minor children.


On May 15, 2010, the trial court entered an order terminating the residual parental rights

of Ronald Artis ("father") to his three minor children, C.T., S.A., and A.A., pursuant to Code

§ 16.1-283(B) and (C)(1).  Father does not appeal the termination of his residual parental rights

under subsection (B), but contends the evidence was insufficient to support the trial court's

decision under subsection (C).  Upon reviewing the record and briefs of the parties, we conclude

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

While the best interests of the child is "the paramount consideration of a trial court" in a

termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128,

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Because father does not challenge the trial court's decision to terminate his residual parental rights under subsection (B), the issue of whether termination was warranted pursuant to subsection (C) is rendered moot. Accordingly, we need not consider it. See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

The trial court's decision is summarily affirmed. See Rule 5A:27.

Affirmed.