COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Kelsey and McClanahan
Argued at Salem, Virginia


JOSHUA THOMAS WILLIAMS

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0634-10-3            JUDGE ELIZABETH A. McCLANAHAN
                                                         FEBRUARY 1, 2011
DEPARTMENT OF SOCIAL SERVICES
  FOR THE COUNTY OF CAMPBELL


                FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                             John T. Cook, Judge

            Dion F. Richardson for appellant.

            David W. Shreve, Campbell County Attorney, for appellee.

            Grady W. Donaldson, Jr. (Schenkel & Donaldson, P.C., on brief),
            Guardian *ad litem* for the minor child.


        Joshua Thomas Williams appeals the circuit court's order terminating his parental rights

to his daughter, H.W., pursuant to Code § 16.1-283(B) and 16.1-283(C)(2).  In his assignments

of error, however, Williams references Code § 16.1-283(B), but not Code § 16.1-283(C)(2).  Nor

does he provide any analysis in his brief addressing that part of the court's order in which it

based the termination ruling on Code § 16.1-283(C)(2).  Instead, Williams focuses his analysis

solely on Code § 16.1-283(B).

        As this Court has explained, subsections B and C of Code § 16.1-283 "'set forth

individual bases upon which a petitioner may seek to terminate residual parental rights.'"  Toms

v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 269, 616 S.E.2d 765, 771 (2005) (quoting

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003)).

> [S]ubsection B "speaks prospectively" and requires the circuit court to make a judgment call on the parent's ability, following a finding of neglect or abuse, to substantially remedy the underlying problems. In contrast, subsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes.

Id. at 270-71, 616 S.E.2d at 772 (internal citation and footnote omitted).

Therefore, Williams' challenge on appeal to the circuit court's decision to terminate his parental rights under subsection B of the statute does not amount to a challenge to the court's alternative ruling to terminate under subsection C, as occurred in this case. Absent such a challenge to the circuit court's subsection C ruling, that ruling stands. Whether the circuit court erred in terminating Williams' parental rights under subsection B, as he asserts on appeal, is thus rendered moot, so this Court need not review the issue. See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 negates need to consider termination under alternative subsection).

For these reasons, we affirm the judgment of the circuit court.

Affirmed.