COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Decker and Senior Judge Coleman


RICARDO ESTABAN ASTUDILLO

                                                        MEMORANDUM OPINION[*]

v.        Record No. 1364-13-4                           PER CURIAM
                                                         DECEMBER 17, 2013

FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

(Lavonda Graham Williams, on brief), for appellant.

(David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy
County Attorney; Donna R. Banks, Assistant County Attorney; P.
Gregory Bauserman, Guardian *ad litem* for the minor child, on brief),
for appellee.


Ricardo Astudillo (father) appeals an order terminating his parental rights to his child.

Father argues that the trial court erred by finding that the Fairfax County Department of Family

Services (the Department) "met its burden to terminate the [father's] parental rights . . . by clear and

convincing evidence because [father] had complied with the plan requirements and demonstrated

the ability to independently care for his son." Upon reviewing the record and briefs of the parties,

we affirm this case because regardless of the disposition of this appeal, the trial court's decision

to terminate parental rights under Code § 16.1-283(B) remains intact. Accordingly, we

summarily affirm the decision of the trial court. See Rule 5A:27.

On April 29, 2011, the Department obtained custody of the child due to inconsistent

statements by the parents concerning abuse and mother's background, the family's history of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

domestic violence, and the child's repeated exposure to violence.  The Fairfax County Juvenile and Domestic Relations District Court (the JDR court) entered agreed orders that the child was abused and neglected.  On August 22, 2012, the JDR court terminated father's and mother's parental rights.  Both parties appealed to the circuit court.

The circuit court heard evidence and argument over two days.  Father minimized the issues of domestic violence and refused to take responsibility for his child entering and staying in foster care.  The circuit court found that the record was "soaked with deception and dishonesty." Father was uncooperative with the Department and created "unnecessary impediments."  Due to his lack of cooperation, the Department had difficulty scheduling meetings and visitations.  The circuit court found that father did not make progress with therapy on his anger issues.  Although father participated in several of the recommended programs and evaluations, "the compliance was superficial and did not accomplish its objective."  The circuit court terminated father's parental rights pursuant to Code § 16.1-283(B) and (C)(2).[1]

Father argues that the Department failed to meet its burden of proving by clear and convincing evidence that father's parental rights should be terminated.  In his brief, father focused on the termination pursuant to Code § 16.1-283(C)(2) but does not challenge the termination pursuant to Code § 16.1-283(B).

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ."  Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005).  While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax Cnty. Dep't of

---

[1] The circuit court also terminated mother's parental rights, but she did not appeal the ruling.

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (2003), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Father contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(C)(2), but he does not challenge the termination pursuant to Code § 16.1-283(B). Father's failure to challenge the termination under Code § 16.1-283(B) renders moot his claim regarding the termination under Code § 16.1-283(C)(2), and we need not consider it. See id. at 563, 580 S.E.2d at 466.

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.