UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, Chafin and Senior Judge Annunziata


MELODY KATRICE McNEIL

                                                      MEMORANDUM OPINION[*]
v.      Record No. 1151-14-3                                PER CURIAM
                                                        DECEMBER 9, 2014
PULASKI COUNTY DEPARTMENT OF SOCIAL SERVICES


                  FROM THE CIRCUIT COURT OF PULASKI COUNTY
                            Marcus H. Long, Jr., Judge

            (Terri Morrison Bowles; Bowles Law Office, on brief), for
            appellant.

            (Clifford L. Harrison; Wade M. McNichols, Guardian *ad litem* for
            the minor child; Harrison & Turk, P.C., on brief), for appellee.


        Melody Katrice McNeil (mother) appeals an order terminating her parental rights. Mother

argues that the trial court erred when it terminated her parental rights pursuant to Code

§ 16.1-283(B) and (C) because "there was insufficient evidence presented at trial by the Pulaski

County Department of Social Services to support such a termination of residual parental rights by

clear and convincing evidence." Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial

court. See Rule 5A:27.

                                         BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The Pulaski County Department of Social Services (the Department) removed the child from mother's care due to her drug problems. On August 23, 2013, the Pulaski County Juvenile and Domestic Relations District Court (the JDR court) terminated mother's parental rights pursuant to Code § 16.1-283(B) and (C).[1] Mother appealed this ruling.

On May 22, 2014, the circuit court heard evidence and argument. Mother was not present at the hearing, but her counsel was present. The Department called Investigator D.F. Grimm as a witness. He was familiar with both mother and father because they were subjects of a narcotics investigation. Investigator Grimm explained that mother faced pending charges of possession with intent to distribute and distribution of cocaine. He testified that mother's residence had been the subject of a search warrant where the police found "large amounts of narcotics" in the home.

Shelissa Lewis, a foster care worker, testified that the Department recommended that mother complete "[p]arenting classes, parenting coach, DVAP with domestic violence, [and a] psychological evaluation." It also recommended that she complete substance abuse counseling, including a residential drug treatment program. Lewis testified that mother had not completed most of the services, although she did complete a comprehensive assessment and attended some parenting classes. Lewis said that mother had biweekly visitations with the child until April 1, 2014, when the Department stopped the visits. She said that between August 2013 and April 1, 2014, mother missed two visits.

The trial court heard evidence about how well the child is doing in his foster care home, which is an adoptive placement. When the child first arrived at the foster home, he was not

---

[1] The JDR court also terminated the parental rights of Terrell Marquis Love, the child's father. The father appealed the JDR court's ruling to the circuit court. On May 22, 2014, the circuit court terminated father's parental rights pursuant to Code § 16.1-283(B) and (C). Father did not appeal the circuit court's order.

doing well in school, but at the time of the hearing, he loved school and was getting good grades. His foster mother testified that he was involved in several extracurricular activities.

At the conclusion of the Department's evidence, mother's counsel made a motion to strike, which the court denied. Mother presented no evidence. Her counsel renewed the motion to strike. The trial court denied the motion and held that it was in the child's best interests to terminate mother's parental rights pursuant to Code § 16.1-283(B) and (C). The trial court entered the order terminating her parental rights on May 22, 2014. On June 17, 2014, mother filed a motion for rehearing, which the trial court denied. This appeal followed.

ANALYSIS

Mother argues that the evidence was insufficient to terminate her parental rights pursuant to Code § 16.1-283(B) and (C).

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

The clear and convincing evidence required for termination is

> "that measure or degree of proof which will produce in the mind of
> the trier of facts a firm belief or conviction as to the allegations
> sought to be established. It is intermediate, being more than a
> mere preponderance, but not to the extent of such certainty as is
> required beyond a reasonable doubt as in criminal cases. It does
> not mean clear and unequivocal."

Martin, 3 Va. App. at 21, 348 S.E.2d at 16 (quoting Gifford v. Dennis, 230 Va. 193, 198 n.1, 335 S.E.2d 371, 373 n.1 (1985)).

The trial court terminated mother's parental rights pursuant to Code § 16.1-283(B) because it found that "the neglect or abuse that's suffered by this young man was serious and substantial to his life, health, or – and development, being left alone, being around drugs . . . ."

Code § 16.1-283(B) states a parent's parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

"[S]ubsection B [of Code § 16.1-283] 'speaks prospectively' and requires the circuit court to make a judgment call on the parent's ability, following a finding of neglect or abuse, to substantially remedy the underlying problems." Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 270-71, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The trial court noted that the Department removed the child from the home because of substance abuse issues. Mother had pending drug charges, as discussed by Investigator Grimm. Drugs were found in her home. The trial court held that "there's absolutely no evidence whatsoever that the substance abuse has been dealt with, and that, in my mind, is, is the – probably the biggest factor that, that this young man was removed." The trial court found that mother had not substantially remedied her substance abuse problems.

In addition to termination pursuant to Code § 16.1-283(B), the trial court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2), which states that a court may terminate parental rights if:

The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

This Court previously explained that:

[S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms, 46 Va. App. at 271, 616 S.E.2d at 772 (quoting Winslow, 40 Va. App. at 562-63, 580 S.E.2d at 466).

The trial court found that there was no evidence that mother completed the services offered by the Department, including parenting classes, parenting coach, and the domestic violence alternatives program. Furthermore, there was no evidence that she followed up with the recommendations from the psychological evaluation. As explained earlier, the trial court was particularly concerned that mother did not complete the substance abuse treatment. The trial court held that "there's no evidence that was presented that the mother and father have corrected any of the issues that caused the removal of this child." The trial court found that the child had been in foster care for "well beyond the time frame" and stated, "this young man deserves, and, and the Court demands permanency for him."

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Based on the record, the trial court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(B) and (C).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>