COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

AMANDA J. CARROLL BRAMMER

                                                    MEMORANDUM OPINION[*]
v.      Record Nos. 1777-14-3                              PER CURIAM
                                                            JUNE 9, 2015
CRAIG COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF CRAIG COUNTY
Malfourd W. Trumbo, Judge

(Kelli C. Boyer; Boyer Law, PLC, on brief), for appellant.

(I. Ray Byrd, Jr.; Diana M. Perkinson, Guardian *ad litem* for the
minor child; Law Office of I. Ray Byrd, Jr., P.C.; Perkinson Law
Office, on brief), for appellee.


On September 16, 2014, the trial court terminated the residual parental rights of Amanda J.

Carroll Brammer (appellant) to her son, J.W., pursuant to Code § 16.1-283(B) and 16.1-283(C)(2).

In her assignment of error on appeal, appellant alleges that the trial court erred in terminating her

parental rights "when clear and convincing evidence was not proved that she was responsible for the

conditions leading to her child being placed in foster care, and she had substantially complied with

the remedial services given to her by the Craig County Department of Social Services." Appellant

thus challenges the termination of her parental rights under Code § 16.1-283(B), but not the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

termination under Code § 16.1-283(C)(2).[1]  Terminations under Code § 16.1-283(B) and the

subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may

seek to terminate residual parental rights."  City of Newport News Dep't of Soc. Servs. v. Winslow,

40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).  Appellant's failure to challenge the termination

under Code § 16.1-283(C)(2) renders moot her claim regarding the termination under Code

§ 16.1-283(B), and we need not consider it.  See id. at 563, 580 S.E.2d at 466.

Thus, upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

---

[1] A termination under Code § 16.1-283(C)(2) requires clear and convincing proof that the parent

> without good cause, ha[s] been unwilling or unable within a
> reasonable period of time not to exceed 12 months from the date
> the child was placed in foster care to remedy substantially the
> conditions which led to or required continuation of the child's
> foster care placement, notwithstanding the reasonable and
> appropriate efforts of social, medical, mental health or other
> rehabilitative agencies to such end.

Appellant's assignment of error does not embrace a challenge to the specific findings required for a termination under Code § 16.1-283(C)(2).  Nor does appellant cite Code § 16.1-283(C)(2) in her brief.