COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

DESLANNEE BARKSDALE

v.      Record No. 1054-15-4

MANASSAS CITY DEPARTMENT
 OF FAMILY SERVICES

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 9, 2016

**UNPUBLISHED**

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

(Mark D. Henshaw, on brief), for appellant.

(Neal T. Knudsen; Lori V. Battistoni, Guardian *ad litem* for the
minor child; Vanderpool, Frostick & Nishanian, P.C., on brief), for
appellee.


Deslannee Barksdale (mother) appeals an order terminating her parental rights to her child.

Mother argues that the trial court erred "when it decided to terminate Barksdale's parental rights

under Virginia Code 16.1-283(B), in relevant part, because '. . . the neglect or abuse suffered by

the child presented a serious and substantial threat to his health and development and life . . . .'"

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On May 29, 2015, the trial court terminated mother's parental rights pursuant to Code

§ 16.1-283(B) and (C)(2). Mother noted her objection to the trial court's finding that termination

was appropriate pursuant to Code § 16.1-283(B), but she did not object to the trial court's finding

that Code § 16.1-283(C)(2) also applied. Furthermore, her argument on appeal focuses solely on

Code § 16.1-283(B) and does not address Code § 16.1-283(C)(2).

---

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Mother contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(B), but does not challenge the termination pursuant to Code § 16.1-283(C)(2). Mother's failure to challenge the termination under Code § 16.1-283(C)(2) renders moot her claim regarding the termination under Code § 16.1-283(B), and we need not consider it.

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.