COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

JESSICA DIANNE GILLEY

v.     Record No. 1601-16-3

PATRICK COUNTY DEPARTMENT
  OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
JANUARY 31, 2017

FROM THE CIRCUIT COURT OF PATRICK COUNTY
William N. Alexander, II, Judge Designate

(Kimberly R. Belongia, on brief), for appellant. Appellant
submitting on brief.

(Alan H. Black; Laura E. Frazier, Guardian *ad litem* for the minor
children, on brief), for appellee. Appellee and Guardian *ad litem*
submitting on brief.

Jessica Dianne Gilley (mother) appeals orders terminating her parental rights to two of her

children. Mother argues that the trial court erred by finding that the Patrick County Department of

Social Services (the Department) "made the reasonable and appropriate efforts required by Virginia

Code Section 16.1-283(C)(2) prior to terminating the residual parental rights of [mother]." Upon

reviewing the record and briefs of the parties, we conclude that the trial court did not err.

Accordingly, we affirm the decision of the trial court.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mother and Rodney Dale Brady, Jr. (father) are the parents to two children, who were born in February 2013 and September 2014, and are the subject of this appeal.[1] The Department had been involved with the family since October 2013, when a Child Protective Services complaint was founded against mother due to her home being in "deplorable" condition. In 2014, the Department received several more complaints against mother and father regarding the children. On September 26, 2014, the children came into the Department's care when mother gave birth to the parties' youngest child, and he tested positive for marijuana and amphetamines.

On October 22, 2014, father received an active sentence of two years for burglary and larceny, third offense. On March 31, 2015, father received an active sentence of two years and eleven months for violating his probation.

Between September 26, 2014 and January 6, 2016, mother was tested ten times for drugs. On five occasions, she tested positive for marijuana. On five occasions, she tested negative for drugs. However, she also refused to take the test on five occasions. On April 11, 2016, mother testified that she would not test positive for drugs because she had been clean since New Year's Eve. The circuit court asked for a drug screen, and mother tested positive for marijuana.

From October 1, 2014 until March 17, 2015, mother provided the Department with four different addresses of where she was living. Mother told the Department that she signed a lease on March 17, 2015. After five missed appointments, the Department entered the home on July 16, 2015. The home did not have electricity. The Department offered to help with the electric bill, but mother did not provide sufficient information. At a hearing on August 13, 2015, mother testified that she had been living with her mother at a different address since March 2015. The

---

[1] Mother has three other children, who are not the subject of this appeal. Brady is not the biological father to mother's three other children.

Department visited the home on January 4, 2016, and on the same day, mother tested positive for marijuana.

On January 7, 2016, the Patrick County Juvenile and Domestic Relations District Court (the JDR court) entered orders terminating mother's parental rights to her two children, who are the subject of this appeal, pursuant to Code § 16.1-283(B) and (C)(2). Mother appealed.[2]

On April 11, 2016, the parties appeared before the circuit court. Mother testified that as of March 2015, she had been employed full-time with a furniture company. She also worked part-time at a convenience store, but was prepared to quit her part-time job if the children were returned to her custody. She stated that her income from the full-time job was sufficient to support the family. She explained that her mother, brother, and sister were available to help her with the children. She further indicated that her brother owned the home where she was living and that it was suitable for the children.

The circuit court also heard that both children were doing well in foster care and were with foster parents who wanted to adopt the children.

After hearing the evidence, the circuit court terminated mother's parental rights pursuant to Code § 16.1-283(B) and (C)(2). The circuit court noted that mother and father evaded the Department from May 2014 through October 2014, and then, mother did not maintain adequate contact with the Department from October 2014 through August 2015. Mother's actions prevented the Department from "achieving a goal of returning the children to the parent's home." Furthermore, the circuit court noted that the parents' "persistent" drug use proved that the

---

[2] The JDR court also terminated father's parental rights, and he appealed to the circuit court. The circuit court terminated his parental rights, and he appealed to this Court. See Brady v. Patrick Cty. Dep't of Soc. Servs., Record No. 1600-16-3.

parents "did not adequately cure the abuse and neglect condition that caused the removal from the home."

This appeal followed.

ANALYSIS

Mother argues that the trial court erred in finding that the evidence was sufficient to terminate her parental rights pursuant to Code § 16.1-283(C)(2). She asserts that the Department did not make reasonable and appropriate efforts, as required by Code § 16.1-283(C)(2), to reunite her with her children. She noted that the Department did not offer her any additional visitation rights beyond supervised visitation and did not work with her on transitioning the children back to her home.

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan, 13 Va. App. at 128, 409 S.E.2d at 463, terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Mother contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(C)(2), but does not challenge the termination pursuant to Code § 16.1-283(B). Mother's failure to challenge the termination under Code § 16.1-283(B) renders moot her claim regarding the termination under Code § 16.1-283(C)(2), and we need not consider it. See Winslow, 40 Va. App. at 563, 580 S.E.2d at 466.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>