COURT OF APPEALS OF VIRGINIA

Present:   Judges Haley, Petty and Powell
Argued at Salem, Virginia


JOSE L. BERNABE HERNANDEZ

v.        Record No. 1232-10-3

SHENANDOAH VALLEY DEPARTMENT               MEMORANDUM OPINION[*] BY
  OF SOCIAL SERVICES                            JUDGE CLEO E. POWELL
                                                   MARCH 1, 2011


JOSE L. BERNABE HERNANDEZ

v.        Record No. 1233-10-3

SHENANDOAH VALLEY DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

Frankie C. Coyner (Linda Schorsch Jones, Guardian *ad litem*; Law
Offices of Frankie C. Coyner; Poindexter, Schorsch, Jones & Hill,
on brief), for appellant.

James B. Glick (Angela V. Whitesell; Vellines, Cobbs, Goodwin &
Glass, on brief), for appellee.


Jose L. Bernabe Hernandez ("Hernandez") appeals the decision of the Circuit Court of

Augusta County ("trial court") terminating his parental rights to his two minor children pursuant

to Code § 16.1-283(E).  On appeal, Hernandez contends that the evidence was insufficient to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

support the trial court's decision under either Code § 16.1-283(B) or (C)(2). Finding no reversible error, we affirm the decision of the trial court.[1]

"Code § 16.1-283 embodies 'the statutory scheme for the . . . termination of residual parental rights in this Commonwealth' . . . [which] 'provides detailed procedures designed to protect the rights of the parents and their child,' balancing their interests while seeking to preserve the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (quoting Rader v. Montgomery County Dep't of Social Servs., 5 Va. App. 523, 526, 365 S.E.2d 234, 235 (1988)). In all cases brought under Code § 16.1-283, the court must find, by clear and convincing evidence, that the termination of residual parental rights is in the best interests of the child. Furthermore, the various subsections of Code § 16.1-283 provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Although Shenandoah Valley Department of Social Services petitioned to terminate Hernandez's parental rights under subsections (B), (C)(2) and (E) of Code § 16.1-283, the trial court specifically terminated his residual rights under only subsection (E). As the subsections of Code § 16.1-283 are distinct, Hernandez's failure to challenge the trial court's decision to terminate his residual parental rights under subsection (E), renders moot the issue of whether termination was warranted pursuant to subsections (B) or (C)(2). See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses the need to consider

---

[1] As the parties are familiar with the record below, we cite only those facts necessary to the disposition of the appeals.

termination under alternative subsections).  Accordingly, we need not consider these matters and affirm the decision of the trial court.

Affirmed.
