COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Kelsey, Beales and Senior Judge Clements


MELISSA OWENS

                                                          MEMORANDUM OPINION[*]
v.        Record No. 0906-12-4                                 PER CURIAM
                                                           NOVEMBER 20, 2012
WINCHESTER DEPARTMENT OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                              John E. Wetsel, Jr., Judge

              (Anna L. K. Hammond; Hammond Law, PLC, on brief), for
              appellant.  Appellant submitting on brief.

              (Beth M. Coyne; Karen M. Holman, Guardian *ad litem* for the minor
              child; Winchester Law Group, P.C., on brief), for appellee.
              Appellee and Guardian *ad litem* submitting on brief.


        Melissa Owens (mother) appeals an order terminating her parental rights to her daughter.

Mother argues that the trial court erred by (1) determining that termination of her residual parental

rights was in the best interests of the child; (2) finding that it is not reasonably likely that the

conditions which resulted in the neglect or abuse can be substantially corrected or eliminated so as

to allow the child's safe return to mother within a reasonable period of time, as required for

termination pursuant to Code § 16.1-283(B); and (3) finding that mother, without good cause, had

been unwilling or unable within a reasonable period of time not to exceed twelve months from the

date the child was placed in foster care, to remedy substantially the conditions which led to or

required continuation of the child's foster care placement, as required for termination pursuant to

Code § 16.1-283(C).  Upon reviewing the record and briefs of the parties, we conclude that the trial

court did not err.  Accordingly, we affirm the decision of the trial court.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Mother has one child who is the subject of this appeal. On March 10, 2011, the Winchester Department of Social Services (the Department) received a complaint that the child, who was three years old at the time, was outside her home without supervision. Theresa Mauck, a child protective services caseworker, responded to the complaint and found the child outside while mother and the child's father, Gary Smith, were asleep inside the house. Mother and Smith admitted to using heroin and suboxone. Safety plans were developed, and mother was supposed to receive substance abuse treatment and live apart from Smith.

Mother submitted to a substance abuse assessment. She tested positive for heroin, cocaine, and marijuana. She did not attend the recommended intensive outpatient program.

On March 31, 2011, the Department assumed custody of the child and placed her in foster care because mother was not in compliance with the safety plans. On May 3, 2011, the Winchester Juvenile and Domestic Relations District Court (the JDR court) found the child to be an abused or neglected child. On May 18, 2011, mother was arrested for three drug-related felonies. On June 8, 2011, mother entered the Demeter House inpatient treatment program, but she left against therapeutic advice on June 22, 2011.

The Department continued to work with mother and offered to assist her in going back to Demeter House. The Department also warned mother that if she failed to successfully complete the program, the Department was prepared to petition for termination of parental rights.

On August 11, 2011, mother entered the Demeter House inpatient treatment program, but on August 29, 2011, mother again left the program against therapeutic advice. Shortly after she left the program, mother was charged with additional drug-related offenses.

On November 22, 2011, mother was incarcerated for her various offenses and remained incarcerated at the time of the trial on the petition for termination of parental rights.

The Department filed a new foster care plan with a goal of adoption. On February 1, 2012, the JDR court terminated mother's parental rights and approved the goal of adoption.[1] Mother appealed to the circuit court.

After hearing all of the evidence and argument, the trial court terminated mother's parental rights pursuant to Code § 16.1-283(B) and -283(C). This appeal followed.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

### Issue 1 – Best interests of the child

Mother argues that the trial court erred in determining that it was in the best interests of the child to terminate mother's parental rights.

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother demonstrated that she was unable to care for the child. She had a history of substance abuse problems and was incarcerated for drug-related offenses during the trial. The

---

[1] The JDR court also terminated Smith's parental rights to the child. At the circuit court's trial for mother's appeal, Smith withdrew his appeal of the JDR court's ruling.

Department provided opportunities for mother to enter outpatient and inpatient substance abuse treatment programs, but mother did not attend the outpatient program and twice left the inpatient program against therapeutic advice. Mother repeatedly tested positive for drugs while the Department was involved with the family. The trial court noted that mother had not "had any time on the street where [she] stayed clean for any reasonable period of time since [her] daughter's been born."

The trial court found that mother was unable to meet the child's basic needs and could not provide a stable home. The trial court told mother that "until you can take care of yourself, you can't take care of any child."

At the time of the trial, the child had been in foster care for more than twelve months. The trial court heard evidence that the child was doing well in foster care.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Based on the record, the trial court did not err in finding that termination of mother's parental rights was in the child's best interests.

Issue 2 – Termination of parental rights pursuant to Code § 16.1-283(B)

Mother contends the trial court erred in finding that it was not reasonably likely that the conditions which resulted in abuse or neglect could be substantially corrected or eliminated in order to allow the child's safe return to mother within a reasonable period of time pursuant to Code § 16.1-283(B).

Code § 16.1-283(B) states a parent's parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

- 4 -

2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

"[S]ubsection B [of Code § 16.1-283] 'speaks prospectively' and requires the circuit court to make a judgment call on the parent's ability, following a finding of neglect or abuse, to substantially remedy the underlying problems." Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 270-71, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The JDR court found that the child was neglected due to mother's substance abuse problems. Mother was charged with numerous drug-related offenses after the child was in the Department's custody.

Although mother participated in a substance abuse class in jail, the trial court found that mother was unable to remedy her underlying problems. The trial court was concerned about mother's substance abuse problems and said, "It's highly problematic as to whether or not you're rehabilitated, highly problematic." It held that mother was unable to provide a stable home environment for the child. Mother did not have an independent home for the child. She told the trial court that once she was no longer incarcerated, she planned to live with her boyfriend in West Virginia.[2] Moreover, she did not have a job to support her child. The trial court told mother that she was "a slave to substance abuse" and had "never been able to take care of" herself, much less her child.

---

[2] The same boyfriend picked up mother from Demeter House both times that she left against therapeutic advice.

The trial court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(B).

Issue 3 – Termination of parental rights pursuant to Code § 16.1-283(C)

Mother argued that the trial court erred in finding that she had been unwilling or unable, within the twelve months that the child had been in foster care, to remedy substantially the conditions which led to or required continuation of the child's foster care placement, pursuant to Code § 16.1-283(C).

A court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

> [S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms, 46 Va. App. at 271, 616 S.E.2d at 772 (quoting Winslow, 40 Va. App. at 562-63, 580 S.E.2d at 466).

The Department offered mother several opportunities to participate in substance abuse treatment. However, she did not attend the outpatient program, and she left the inpatient program twice against therapeutic advice. She tested positive for cocaine, opiates, and marijuana in March 2011, June 2011, and September 2011. She was charged with numerous drug-related offenses after the child was in foster care.

- 6 -

"The Department is not required 'to force its services upon an unwilling or disinterested parent.'" Logan, 13 Va. App. at 130, 409 S.E.2d at 463-64 (quoting Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986)).

Mother did not demonstrate that she remedied her situation and that she was capable of taking care of the child. The trial court did not err in terminating her parental rights pursuant to Code § 16.1-283(C).

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.