UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, McCullough and Senior Judge Bumgardner


ENJOLI HOLDER

v.      Record No. 0445-13-1

PORTSMOUTH DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 29, 2013


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James C. Hawks, Judge

(Romy L. Radin; Radin & Radin, P.C., on brief), for appellant.

(George M. Willson, City Attorney; Burle U. Stromberg, Assistant
City Attorney; Betsy E. Cornatzer-Slate, Guardian *ad litem* for the
minor children, on brief), for appellee.


Enjoli Holder (mother) appeals an order terminating her parental rights to her four children.

Mother argues that the trial court erred in ruling that the Portsmouth Department of Social Services

(the Department) had met its burden of proof (1) that pursuant to Code § 16.1-283(B)(1), the neglect

or abuse suffered by her children presented a serious and substantial threat to their life, health or

development:  (a) by basing its ruling, in part, on a prior administrative finding of sexual abuse of

one of her children, and (b) by finding that the children were unsupervised and locked out of their

house on a single occasion; and (2) that pursuant to Code § 16.1-283(B)(2), it was not reasonably

likely that the conditions which resulted in such neglect or abuse could be substantially corrected or

eliminated so as to allow the children to return to mother's care.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

In October 2006, the Department first became involved with mother and her three oldest children.[1] Child Protective Services found that the oldest child was being sexually abused by mother. As a result, the three children were placed with their maternal grandmother, and mother had supervised visitation. The Department closed its case on February 20, 2010.

In August 2010, the maternal grandmother became ill and incapacitated. She was no longer able to care for the children. Unbeknownst to the Department, mother started caring for the children.[2]

On October 6, 2010, mother's three oldest children, ages ten, eight, and six years old, came home from school and were locked out of the house. The Department placed the children in foster care.

The Department attempted to place the children with relatives, but to no avail. On March 16, 2012, the Department filed a petition to terminate mother's parental rights and changed the goal to adoption.

While the children were in foster care, the Department offered mother supervised visitation. She sporadically attended the visits. She did not complete sexual offender treatment, nor did she follow through with a parenting capacity evaluation. At the time of the trial, she lived with a man in a two-bedroom apartment and did not have a job.

---

[1] The youngest child had not been born yet.

[2] Mother was incarcerated for two years prior to this incident. Prior to the maternal grandmother's illness, mother lived with the maternal grandmother and the children, in violation of the safety plan.

All four of the children were placed with one foster parent and had been there for approximately eight months at the time of the trial. The children received weekly behavioral and sexual therapy and frequently went to doctors. They took medication for sleeping and behavioral issues.

After hearing all of the evidence and argument, the trial court terminated mother's parental rights pursuant to Code § 16.1-283(B). This appeal followed.

ANALYSIS

*Assignment of error 1 - Code § 16.1-283(B)(1)*

Mother argues that the trial court erred in terminating her parental rights to her children because the evidence was insufficient to prove that she neglected or abused them pursuant to Code § 16.1-283(B)(1). Mother contends the Department failed to prove with clear and convincing evidence that the alleged abuse or neglect occurred. She contends the Department only presented evidence of an administrative finding of sexual abuse and the one-time occurrence of the children being locked out of the house and unsupervised.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Code § 16.1-283(B) states a parent's parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within

- 3 -

a reasonable period of time.  In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

In 2006, the Department made two administrative findings of sexual abuse, Level 1, regarding the oldest child and mother.  The child was six years old at the time.  The Department's findings were based on a preponderance of the evidence.  Mother did not appeal the findings.  Based on the findings, mother was not allowed to have custody of the children, and the children were placed with maternal grandmother.  A safety plan was established and provided that mother could have supervised visitation only with the children.  Mother violated the safety plan when she assumed care of the children after the maternal grandmother became ill and incapacitated.

On October 6, 2010, the children came home from school at approximately 4:00 p.m.  No one was at the home, so the children were locked out of the house and unsupervised.  At the time, the children were six, eight, and ten years old.  As a result, the Department placed the children in foster care.

There was evidence that the children had "sexual issues" and behavioral issues, including "extreme anger, violent acting out, stealing, [and] lying."  The children participated in weekly therapy and had numerous doctor visits.

Based on the totality of the evidence, the Department proved by clear and convincing evidence that mother abused or neglected her children.  There was evidence with the two administrative findings that mother sexually abused her oldest child, and mother did not appeal those findings.  There was evidence that mother violated the safety plan by assuming care of the children, when she knew that she was only allowed to have supervised visitation with them.  In addition, there was evidence that she left them unsupervised and alone when they were locked

out of the house on October 6, 2010. Considering all of the evidence, the trial court did not err in holding that the Department met its burden.

*Assignment of error 2 - Code § 16.1-283(B)(2)*

Mother argues that the trial court erred in terminating her parental rights to her children because the evidence was insufficient to prove that such neglect or abuse could not be substantially corrected or eliminated pursuant to Code § 16.1-283(B)(2).

"[S]ubsection B [of Code § 16.1-283] 'speaks prospectively' and requires the circuit court to make a judgment call on the parent's ability, following a finding of neglect or abuse, to substantially remedy the underlying problems." Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 270-71, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

Contrary to mother's argument, the Department offered services to mother; however, she did not participate or take advantage of the services offered. For example, mother did not complete sexual offender treatment. The Department offered mother a parenting capacity evaluation, but she did not follow up with it. The Department offered mother supervised visitation with the children, but mother visited only sporadically. According to the social worker, "there were times when she went long periods of time without seeing them and then there were times when she was coming regularly, every other week." Mother did not regularly send gifts or cards to the children while they were in foster care.

In addition, there was evidence that at the time of the trial, mother was living in a two-bedroom apartment with another man, and her living situation was not adequate for her four children. Mother also was not in a position to care for the children because she did not have a job and had no income to support the children.

The trial court did not err in finding that it was "not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated" and that the children could be returned to mother's care. Code § 16.1-283(B)(2).

Considering the record, the trial court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(B).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>