COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

CORNEILIUS JEROME JOHNSON, SOMETIMES KNOWN AS
  CORNELIUS JEROME JOHNSON

MEMORANDUM OPINION[*]
v.        Record No. 2257-13-4                                    PER CURIAM
                                                                 MAY 6, 2014

FAIRFAX COUNTY DEPARTMENT
  OF FAMILY SERVICES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

(Joseph B. Dailey, on brief), for appellant.

((David P. Bobzien, County Attorney; Peter D. Andreoli, Jr., Deputy
County Attorney; Donna R. Banks, Assistant County Attorney;
Alexander E. Morgan, Guardian *ad litem* for the minor child;
Hartsoe & Morgan, PLLC, on brief), for appellee.


Corneilius Jerome Johnson (hereinafter "father") appeals the termination of his residual

parental rights to his daughter C.C.J.  On October 21, 2013, the trial court entered an order

terminating father's residual parental rights pursuant to Code § 16.1-283(B) and (C).  Father does

not challenge the termination of his residual parental rights under subsection (B), but contends

the evidence was insufficient to support the trial court's decision under subsection (C).  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

While the best interests of the child is "the paramount consideration of a trial court" in a

termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128,

409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

§ 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Because father does not challenge the trial court's decision to terminate his residual parental rights under subsection (B), the issue of whether termination was warranted pursuant to subsection (C) is rendered moot. Accordingly, we do not reach that issue as father does not even contest that there are adequate grounds for termination of his parental rights under Code § 16.1-283(B). See Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

The trial court's decision is summarily affirmed. See Rule 5A:27.

Affirmed.