COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Decker and Senior Judge Coleman

RICHARD RAGSDALE

v.      Record No. 0089-14-2

LUNENBURG DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION*

TOMEKA BEASLEY                                              PER CURIAM
                                                           OCTOBER 7, 2014

v.      Record No. 0658-14-2

LUNENBURG DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
Leslie M. Osborn, Judge

(Joseph E. Taylor; Taylor Law Firm, PLLC, on brief), for appellant
Richard Ragsdale.

(Robert E. Hawthorne, Jr.; Hawthorne & Hawthorne, P.C., on
brief), for appellant Tomeka Beasley.

(Carol B. Gravitt; Matthew W. Evans; Elizabeth Taylor Carter,
Guardian *ad litem* for the minor child L.A.R.; Jennifer L. Jones,
Guardian *ad litem* for the minor child C.A.R.; Gravitt & Gravitt,
P.C.; The Jones Law Firm, P.C., on briefs), for appellee.


Richard Ragsdale (father) and Tomeka Beasley (mother) are appealing the circuit court's

orders that terminated their parental rights to their children, L.A.R. and C.A.R. Both father and

mother argue that the circuit court erred by (1) improperly considering a "contemporaneously

decided termination of parental rights as to a sibling as a previous involuntary termination of

parental rights sufficient to implicate Va. Code § 16.1-283(E)(i) and improperly lower[ing] the

burden of proof as to the termination of parental rights concerning the second child;" (2) finding that

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Lunenburg Department of Social Services (the Department) proved by clear and convincing evidence that mother and father abused or neglected L.A.R. and C.A.R. "such that there was a serious or substantial threat to their life, health or development, that it is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated" so that the children could be safely returned home "within a reasonable period of time," or that the termination of mother's and father's parental rights was in the children's best interests; (3) finding that the Department had proven by clear and convincing evidence that the termination of parental rights as to the second child was in that child's best interests, "assuming for argument's sake that Va. Code § 16.1-283(E)(i) could properly be applied to this case;" and (4) admitting evidence as to the voluntary termination of parental rights of five of mother's children, two of whom are also father's children, "because the evidence was irrelevant and because, even if relevant, the evidence was unduly prejudicial." Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decisions of the circuit court. See Rule 5A:27.

## BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

Father and mother have two children, who are the subject of these appeals. L.A.R. was born in October 2010, and C.A.R. was born in September 2012.

The Department initially became involved with the family in 2006. The Department removed five of mother's six other children[1] in August 2007 because of physical neglect and inadequate shelter. Two of these five children were also father's children. The Department

---

[1] One of mother's children was placed with a relative and was not in foster care.

provided services to the family, and in August 2008, the children were returned home. In August 2009, the Department removed the five children again for inadequate shelter and lack of supervision. The children were adjudicated as abused or neglected. On January 4, 2011, mother and father's parental rights were voluntarily terminated.

In October 2010, the Department removed L.A.R. from mother's care when she was born because mother and L.A.R. tested positive for cocaine. Mother admitted using drugs while she was pregnant with L.A.R. and using cocaine during labor or immediately before L.A.R.'s birth. Father signed an entrustment agreement, which the Department states has never been withdrawn. L.A.R. has been in foster care since birth.

The Department instructed mother and father to obtain substance abuse counseling, individual counseling, and domestic violence counseling, and to attend parenting classes. Mother and father also had to obtain and maintain stable housing and finances. The parents made progress and improved their housing situation. Father was employed. The Department eventually agreed to unsupervised and overnight visits with L.A.R., until January 2013 when all visitations stopped after father's arrest and incarceration for domestic violence.

During her pregnancy with C.A.R., mother tested positive for cocaine four times. However, when C.A.R. was born, mother did not test positive for any drugs, and neither did the child. As a result of the negative drug tests, the Department did not remove C.A.R. at birth.

While L.A.R. was in foster care, father tested positive for illegal drugs and admitted consuming alcohol. He and mother argued and fought, especially when they were intoxicated. The police had responded to their home due to domestic violence incidents. In January 2013, father was arrested for domestic violence. The Department implemented a safety plan and expressed concern because mother and father had been drinking alcohol, C.A.R. was present, and

father had been arrested for assaulting mother. Father pled guilty to the felony assault charge.[2] The Department was concerned with the parents' continued substance abuse and domestic violence. Despite assuring the Department that there would be no contact between them, mother allowed father to return home when he was released from jail. Consequently, in March 2013, the Department removed C.A.R. from the home.

The Department repeatedly offered services to the parents, including substance abuse counseling. Mother and father attended some substance abuse counseling sessions at Crossroads, an agency suggested by the Department, but then sought counseling through another counselor. They did not provide documentation to the Department or court regarding the counseling sessions with the other provider.

The Lunenburg County Juvenile and Domestic Relations District Court (the JDR court) approved the goal of adoption and in September 2013 terminated the parental rights of the mother and father. They appealed to the circuit court.

On December 18, 2013, father testified in circuit court that he was working full-time and had been employed with the same employer "off-and-on" for approximately five years. He currently was not using any illegal drugs. He admitted that if he and mother drank alcohol, their arguments escalated. Father testified that he reduced the amount of alcohol that he consumes. Mother admitted her prior drug use, but testified that she no longer uses any illegal drugs. She testified that she too reduced the alcohol that she consumes and no longer drinks liquor. Both mother and father discussed their attendance at counseling sessions with a counselor at Southern Dominion Health.

---

[2] This conviction was father's third or subsequent offense for assault and battery of a family member.

After hearing all of the evidence and argument, the circuit court terminated mother's and father's parental rights to L.A.R. based on Code § 16.1-283(B) and (C)(2) and their parental rights to C.A.R. based on Code § 16.1-283(B) and (E)(i).  These appeals followed.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).  When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

*Code § 16.1-283(B)*

Both parents argue that the circuit court erred in terminating their parental rights to L.A.R. and C.A.R. pursuant to Code § 16.1-283(B), which states parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.  In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

"[S]ubsection B [of Code § 16.1-283] 'speaks prospectively' and requires the circuit court to make a judgment call on the parent's ability, following a finding of neglect or abuse, to substantially remedy the underlying problems."  Toms v. Hanover Dep't of Soc. Servs., 46

Va. App. 257, 270-71, 616 S.E.2d 765, 772 (2005) (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

Contrary to the parents' arguments, the Department proved that L.A.R. and C.A.R. were abused or neglected. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)). Mother used cocaine during her pregnancy with L.A.R. In fact, mother and child tested positive for cocaine when L.A.R. was born. After the Department removed L.A.R., both parents tested positive for illegal drugs. Mother admitted using cocaine while she was pregnant with C.A.R.

The Department instructed the parents to submit to a substance abuse evaluation, which they did, and to participate in substance abuse counseling. At first, they went to Crossroads, as recommended by the Department. After missing several sessions, they were dismissed from that program. The parents testified that they went to another counselor, but failed to provide any documentation regarding their sessions. The circuit court noted that the lack of documentation had been discussed with them previously; however, the parents still did not get a letter or certificate to show their progress in counseling.

In addition to their drug use, both parents abused alcohol. They admitted arguing when they were intoxicated. On one occasion in January 2013, father was arrested for felony assault and battery of a family member, third or subsequent offense, demonstrating a pattern of violence. C.A.R. was present at the time. The parents admitted drinking "occasionally" after the incident.

The Department had been providing services and working with this family since 2006. Although the parents improved their housing situation, the circuit court concluded that the parents "just don't get it" and "it's not likely they can correct this situation." The Department

expressed concern about mother and father living together, especially after the domestic violence incident in January 2013 when father was arrested; however, they continued to live together after father was released from jail.

At the time of the hearing, L.A.R. had been in foster care for over three years, and C.A.R. had been in foster care for approximately nine months. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Based on the record, the circuit court did not err in terminating their parental rights to L.A.R. and C.A.R. based on Code § 16.1-283(B).

*Admission of evidence*

Mother and father argue that the circuit court erred in admitting evidence regarding "the voluntary termination of parental rights as to five prior children of Mother (two of which were also Father's children) because the evidence was irrelevant and . . . unduly prejudicial."

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (brackets in original).

Mother and father argue that the evidence regarding the voluntary terminations of their other children was irrelevant to the circumstances regarding L.A.R. and C.A.R. They contend the circumstances were different. They also highlight that the prior terminations were voluntary, whereas now the Department sought involuntary terminations. They assert that the evidence was unduly prejudicial because it minimized the improvements that were made by them.

"Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991) (citing Harrell v. Woodson, 233 Va. 117, 122, 353 S.E.2d 770, 773 (1987)).

> Virginia law recognizes the "maxim that, sometimes, the most reliable way to gauge a person's future actions is to examine those of his past." Petry v. Petry, 41 Va. App. 782, 793, 589 S.E.2d 458, 463 (2003). "As many courts have observed, one permissible 'measure of a parent's future potential is undoubtedly revealed in the parent's past behavior with the child." Id. (citation omitted). "No one can divine with any assurance the future course of human events. Nevertheless, past actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold." Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (citations omitted).

Toms, 46 Va. App. at 267-68, 616 S.E.2d at 770.

The circuit court did not err in admitting the evidence regarding the parents' previous terminations. The parents had the opportunity to testify and discuss their improvements over the years. In fact, the circuit court recognized that they improved their housing situation, which was an issue with their previous children. Therefore, the evidence was not unduly prejudicial and the court did not abuse its discretion in admitting it.

*Alternative grounds*

The circuit court terminated mother and father's parental rights to L.A.R. based on Code § 16.1-283(B) and (C)(2). It terminated their parental rights to C.A.R. based on Code § 16.1-283(B) and (E)(i).

When a circuit court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the circuit court, and if so, we need not address the other grounds. See Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental

- 8 -

rights pursuant to another subsection).  Therefore, we will not consider whether the circuit court erred in terminating mother's and father's parental rights to L.A.R. pursuant to Code § 16.1-283(C)(2) and to C.A.R. pursuant to Code § 16.1-283(E)(i).

## CONCLUSION

For the foregoing reasons, the circuit court's rulings are summarily affirmed.  Rule 5A:27.

Affirmed.
