COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

LA'MANN ABBOTT

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0090-15-4                        PER CURIAM
                                                    AUGUST 11, 2015
CULPEPER COUNTY
  DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Susan L. Whitlock, Judge

(Edwin F. Gentry, on brief), for appellant.

(Robert F. Beard; Vanderpool, Frostick & Nishanian, P.C., on brief),
for appellee.

(Gilbert Harrison Berger; Berger Law Office, P.C., on brief),
Guardian *ad litem* for the minor child.

La'Mann Abbott (hereinafter "father") appeals the termination of his residual parental

rights to his daughter C.A. On December 18, 2014, the trial court entered an order terminating

father's residual parental rights pursuant to Code § 16.1-283(B) and (C). Father does not appeal

the termination of his residual parental rights under subsection (B), but attacks the sufficiency of

the evidence under subsection (C). He asserts the evidence failed to prove the Culpeper

Department of Social Services ("DSS") made "reasonable and appropriate" efforts to assist

father in avoiding termination in the twelve months following C.A.'s foster care placement.

Likewise, he maintains DSS failed to establish he lacked "good cause" for his "lack of

participation in the required process."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Given that father does not even challenge the trial court's decision to terminate his residual parental rights under subsection (B), the issue of whether termination was also warranted pursuant to subsection (C) is rendered moot because his parental rights may be terminated under either subsection (B) or (C) of Code § 16.1-283. Accordingly, we do not consider it. See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

The trial court's decision is summarily affirmed. See Rule 5A:27.

Affirmed.