COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Beales, Russell and Senior Judge Frank


STEVEN CLIFTON PAGANS

v.      Record No. 1373-16-3

FRANKLIN COUNTY DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 21, 2017


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

(William Edward Cooley; Jonathan Glenn Scott, Guardian *ad litem*
for appellant, on brief), for appellant.  Appellant and Guardian *ad
litem* submitting on brief.

(W. Colby Brown, on brief), for appellee.  Appellee submitting on
brief.

(James P. Cargill, on brief), Guardian *ad litem* for the minor
children.  Guardian *ad litem* submitting on brief.


Steven Clifton Pagans (father) appeals an order terminating his parental rights.  Father

argues that the trial court erred in terminating his parental rights pursuant to Code § 16.1-283(B)

because the Franklin County Department of Social Services (the Department) failed to prove by

clear and convincing evidence that the "neglect or abuse suffered by the minor children presented a

serious and substantial threat to [their lives,] . . . health or development and it is not reasonably

likely that the conditions which resulted in such neglect or abuse can be substantially corrected or

eliminated" so that the children could be returned safely to father within a reasonable period of time

and that the termination was in the children's best interests.  Upon reviewing the record and briefs

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of the parties, we conclude that the trial court did not err. Accordingly, we affirm the decision of the trial court.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Father and Amanda Dawn Chitwood Pagans (mother) are the biological parents to N.C.P., born in January 2010, and S.R.P., born in March 2011. In 2013, mother gave birth to another child, who was born addicted to methadone. As a result, the Department became involved with the family. On June 4, 2014, the Franklin County Juvenile and Domestic Relations District Court (the JDR court) issued a preliminary child protective order. On June 27, 2014, the JDR court entered an order dismissing the preliminary child protective order and directing the Department to file removal petitions for N.C.P. and S.R.P. because the parents tested positive for methamphetamine. On July 3, 2014, the JDR court entered the preliminary removal orders, and on July 22, 2014, the JDR court entered the adjudicatory orders finding that the children were neglected.

The Department set up several requirements and services for the parents. Father was required to provide information for a criminal background check, complete a psychological examination and follow through with any recommendations, complete a substance abuse evaluation and comply with any recommendations, complete a parenting class, participate in individual counseling, visit with the children, maintain contact with the Department, and cooperate with the Department. Father frequently missed visitation appointments or was late, and other than the occasional visits, father did not complete any of the Department's requirements. On November 4,

2015, the JDR court terminated father's parental rights to N.C.P. and S.R.P.[1]  Father appealed to the

circuit court.

On May 25, 2016, the circuit court heard the parties' evidence and argument.  The

Department presented evidence that the children were doing well in foster care and that the foster

parents wished to adopt the children.  Father testified that he depended on mother to set up the

appointments for him because he was working.  Father admitted that he did not contact the

Department and did not complete their requirements.  At the conclusion of the hearing, the circuit

court noted that father took no responsibility for his actions and blamed his wife for everything.

The circuit court told father, "For two years you knew that they [the children] were in foster care.

You knew what was going to happen.  Everything was explained to you and you didn't . . . make

any effort."  The circuit court found that the Department proved by clear and convincing evidence

that termination of father's parental rights was warranted pursuant to Code § 16.1-283(B) and

(C)(2).  The circuit court entered the final order on July 20, 2016.  This appeal followed.

ANALYSIS

Father argues that the trial court erred in finding that the evidence was sufficient to terminate

his parental rights pursuant to Code § 16.1-283(B).  He explains that he did not complete the

Department's requirements because of "a lack of communication" and his "long work hours."  He

emphasizes that he wants to be a part of his children's lives and showed interest in his children by

visiting them.

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's

best interests is a requirement in common to termination of parental rights under Code

§ 16.1-283(B) [or] (C) . . . ."  Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8

---

[1] The JDR court also terminated mother's parental rights.  Mother appealed to the circuit court, but she did not attend the circuit court hearing.  The circuit court terminated mother's parental rights.

n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan, 13 Va. App. at 128, 409 S.E.2d at 463, terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

Father contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(B), but does not challenge the termination pursuant to Code § 16.1-283(C)(2). Because father fails even to challenge the termination of his parental rights under Code § 16.1-283(C)(2), this failure renders moot his claim challenging the termination under Code § 16.1-283(B), and, therefore, we do not need to reach that claim as his parental rights would be terminated in any event under Code § 16.1-283(C)(2). See Winslow, 40 Va. App. at 563, 580 S.E.2d at 466.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.