COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, AtLee and Senior Judge Clements

LAKEISHA DOROTHY CRUMP

v.      Record No. 0898-17-1

PORTSMOUTH DEPARTMENT OF
 SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 7, 2017

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James C. Hawks, Judge

(Elizabeth M. Wood, on brief), for appellant.

(Solomon Ashby, City Attorney; Burle U. Stromberg, Assistant City
Attorney; Michael Rosenberg, Guardian *ad litem* for the minor child;
Richardson and Rosenberg, LLC, on brief), for appellee.


Lakeisha Dorothy Crump (mother) appeals an order terminating her parental rights to her

child. Mother argues that the "trial court committed reversible error because it was not in the best

interests of the child to be taken away from [mother], as her incarceration was the only thing

advanced by the division as the reason she should have her child taken away from her." Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mother gave birth to her child in May 2015, when she was incarcerated. Since there were no relatives available to take custody of the child, the Portsmouth Department of Social Services (the Department) obtained custody and placed the child in foster care.[1] Mother's expected release date from prison is June 20, 2018.

The Department's initial foster care plan included concurrent goals of relative placement and adoption. The Department listed several requirements for mother to complete in order to receive custody of the child. The requirements included being released from prison, obtaining and maintaining employment and housing, participating in mental health services, completing a parenting class, and completing a drug rehabilitation program. Mother has an extensive criminal history. She also has mental health issues, stemming from an automobile accident when she was a teenager.

While in prison, mother completed a parenting class. However, at the time of the trial, she did not have plans for employment or housing when she is released. Mother also does not have a driver's license.

In addition to the child who is the subject of this appeal, mother has two other children. She shares custody of one child with her mother. She voluntarily relinquished custody of the other child.

In October 2016, the Department filed a foster care plan with the sole goal of adoption. On March 7, 2017, the Portsmouth Juvenile and Domestic Relations District Court (the JDR court) terminated mother's parental rights and approved the foster care plan with the goal of adoption.[2] Mother appealed the order terminating her parental rights to the circuit court.

---

[1] The child's father is unknown.

[2] The JDR court also terminated the unknown father's parental rights.

On May 4, 2017, the parties presented their evidence and argument. The evidence proved that the child was doing well in foster care. He has special needs, which are being met. He has bonded with the foster care parents and is in an adoptive home. At the conclusion, the trial court terminated mother's parental rights pursuant to Code § 16.1-283(B), (C)(1), and (C)(2). This appeal followed.

ANALYSIS

Mother argues that the trial court erred by terminating her parental rights. She contends her incarceration prevented her from completing all of the Department's requirements. Mother argues that her incarceration should not be the only reason why her parental rights were terminated.

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005).

In the argument section of mother's brief, she contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(C)(2), but she does not challenge the termination pursuant to Code § 16.1-283(B) or (C)(1). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan, 13 Va. App. at 128, 409 S.E.2d at 463, we note that terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

In any event, the evidence supports the trial court's determination that termination of mother's parental rights is in the best interests of the child. The child has been with the same

foster family since he was two days old. The child has special needs, and the foster family has taken him to physical, occupational, and speech therapy. He also has been treated for vision problems. The child will be three years old when mother is released from prison. He has not had any contact with her due to her incarceration.

> While long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination.

Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

In addition, mother does not have plans for employment and housing when she is released. She does not have a driver's license, which will impact her ability to take the child to his appointments. She is not in a position to assume custody of the child. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Considering the totality of the evidence, the trial court did not err in finding that it was in the child's best interest to terminate mother's parental rights.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.